IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Mehmet Kahveci,

                          Plaintiff,

   v.

Kibar Holding A.S. and Kibar Dis Ticaret A.S.

                        Defendants.

Civil Action No. 12-cv-11748- DJC

**Leave Granted on February 5, 2013**

## REPLY IN SUPPORT OF MOTION FOR A 90-DAY ENLARGEMENT OF TIME TO SERVE COMPLAINT

On January 14, 2013, Plaintiff Mehmet Kahveci moved to enlarge the time to serve his complaint on the foreign defendants for a period of 90 days. Defendants' opposition to that motion misrepresents the law concerning the period of time allowed to serve a complaint on foreign parties under the Hague Convention (the "Convention") and the Federal Rules of Civil Procedure (the "Federal Rules") and unfairly characterized Mr. Kahveci's motives. For these reasons, Plaintiff respectfully submits this brief reply to correct the misstatements so the case may proceed on its merits. Plaintiff further wishes to notify the Court that he has engaged a firm to serve the Defendants in accordance with the Convention and the Federal Rules.

    I.      **Plaintiff's Motion For A 90-Day Enlargement Is A Mere Formality Because the Federal Rules Exempt Foreign Service From the 120-Day Timeframe**

The Defendants' opposition misstates the law on service on foreign individuals. Although, Plaintiff seeks additional time, extending the period to serve the complaint is technically unnecessary under the Federal Rules and the Convention. Defendants' opposition incorrectly asserts that the plaintiff must comply with the 120-day time limit set forth in Rule 4(m) for domestic service.

1

The time limit for service on parties located in the United States is addressed in Federal Rule 4(m), which provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. **This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).**

(*emphasis added*). Rule 4(m) expressly exempts service in a foreign country. Service of a complaint on foreign individuals is exclusively addressed in Rule 4(f), which removes the time limit upon which a complaint must be served. Rule 4(f), in pertinent part provides:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

Notably, the Convention is also silent as to timing. Thus, because the Convention does not provide a time for making service under its procedures, Rule 4(m) of the Federal Rules of Civil Procedure exempts service in a foreign country from the normal requirement that a summons and complaint be served within 120 days after filing. Accordingly, the Mr. Kahveci's motion should be granted.

### II. Plaintiff's Civil Action is a Matter of Right

Defendants' opposition ascribes motives to Mr. Kahveci that are unfair and prejudicial. Mr. Kahveci filed the current action as a matter of right, pursuant to the Lanham Act, 15 U.S.C. § 1114(2)(D)(v). That section expressly provides for a civil action to establish that the registration or use of a domain name is not unlawful. For Defendants to carelessly claim that Mr. Kahveci is attempting to use the civil action to "keep the domain name hijacked" and to "extract

ransom," is patently unfair and prejudicial. Such claims also beg the question why would Mr. Kahveci have requested that the defendants waive service if he were simply attempting to delay this matter. The only reason for inserting these prejudicial claims then is to unfairly color Mr. Kahveci in the eyes of the Court. Denying Mr. Kahveci's motion in light of these claims may likely have a chilling effect on other aggrieved parties that wish to challenge an administrative domain name ruling.

### III.     Defendant Will Not Be Prejudiced

Defendants' opposition also claims that it will be prejudiced by enlarging the time to serve the complaint. It is difficult to see how the Defendants will be prejudiced by more time, when service through the Turkish Central Authority can take six months or longer. If the Defendants were truly concerned with delay, they would have waived service under the Convention. Plaintiff would gladly provide defendants with a translated copy of the complaint.

### CONCLUSION

Mr. Kahveci has engaged a firm specializing in foreign service to competently carry out service on Defendants under the strictures of The Hague Convention and will continue the dialog with the Defendants that will hopefully lead to an amicable settlement. Mr. Kahveci has not, however, exceed the time to serve the complaint or prejudiced defendants in any way.  Service in this case requires additional time and thus an additional 90-day extension of time should be granted.

Dated: February 5, 2013                                            Respectfully submitted,

                                                                                         MEHMET KAHVECI

                                                                                         By his attorneys,

                                                                                         /s/ Aaron Y. Silverstein
                                                                                         Aaron Y. Silverstein
                                                                                         (BBO #660716)
                                                                                         SAUNDERS & SILVERSTEIN LLP
                                                                                         14 Cedar Street, Suite 224
                                                                                         Amesbury, MA 01913
                                                                                         P: 978-463-9100
                                                                                         E: asilverstein@massiplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

    /s/ Aaron Silverstein
    Aaron Silverstein