UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------x
                    :
MEHMET KAHVECI,                :

        Plaintiff,               :

v.                              :  Civil Action No. 12-cv-11748-DJC

KIBAR HOLDING A.S. and KIBAR DIS TICARET A.S.  :

        Defendants.       :  **LEAVE TO FILE GRANTED ON FEBRUARY 5, 2013**

------------------------------------------------------------------------x

**DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR
A 90-DAY ENLARGEMENT OF TIME TO SERVE COMPLAINT**

Defendants Kibar Holding A.S. and Kibar Dis Ticaret A.S. ("Kibar") submit this sur-reply memorandum of law in response to Plaintiff Mehmet Kahveci's Reply in Support of Motion for a 90-Day Enlargement of Time to Serve Complaint. Because Plaintiff's reply does not address, let alone justify, his failure to exercise due diligence in serving Defendants, Plaintiff's motion should be denied.

Plaintiff first sought "an order pursuant to Federal Rule Civil Procedure 4(m) to enlarge the period of time to effect service." Plaintiff now claims that the requirements of Rule 4(m) do not even apply because "Rule 4(m) expressly exempts service in a foreign country." Plaintiff's Reply Memorandum at 2. That is not correct. Rule 4(m) applies in all but two limited circumstances: foreign service on an *individual* (which is covered by Rule 4(f)), and foreign service on a foreign *state* (which is covered by Rule 4(j)(1)). Defendants are neither individuals nor a state; rather, they are Turkish *corporations* that must be served under Rule 4(h)(2). Thus, the exemption on which Plaintiff relies in his Reply Memorandum is inapplicable.

In addition, quite apart from whether Rule 4(m) literally applies, it is the source of the appropriate standard for a court to consider in determining whether to extend a plaintiff's time to serve a foreign defendant. *Feliz v. U.S.*, 272 F.R.D. 299, 301 (D. Mass 2011). In *Feliz*, the court explained that, "[a]lthough Rule 4(m) does not by its express terms apply to service of an individual in a foreign country, a court will dismiss a complaint (or party) where a plaintiff has not acted diligently in attempting to make service on a foreign defendant." *Id.* The court applied case law on what was and was not good cause under Rule 4(m) and held that the plaintiff had not met its burden of establishing good cause for failing to serve a foreign defendant in the time granted by the court. *Id.* at 301-02. *See also Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) ("most courts faced with the challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should have been excused" (internal citations omitted) (citing *Feliz*)); *Mapping Your Future, Inc. v. Mapping Your Future Services, Ltd.*, 266 F.R.D. 305, 309 (D.S.D. 2009) (this court held that the 120-day rule does not apply to service on a foreign corporation, but also held that "plaintiff must still act diligently in effectuating service"; here, plaintiff engaged in extensive efforts to effectuate service which justified the extension of time).

For the reasons explained in Defendants' Memorandum of Law in Opposition to Plaintiff's *Ex Parte* Motion for a 90-Day Enlargement of Time to Serve Complaint, Plaintiff has not acted diligently or with reasonable due diligence in effecting service. Plaintiff now claims, more than four months after filing his complaint, that he has hired a firm to effectuate service in Turkey, but Plaintiff does not disclose who he has hired, when he hired them, what actions they have taken to effectuate service, and why Plaintiff waited until January 2013 to begin the process of effectuating service of the Complaint that Plaintiff filed back in September 2012. On this

record, there is no basis for a finding that Plaintiff has demonstrated good cause or due diligence in attempting to serve Defendants.

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for an enlargement of time to serve be denied and that the Court issue an order dismissing the Complaint given that Plaintiff's time to serve the Complaint has expired.

Dated: January 31, 2013

Respectfully Submitted,

/s/ Bruce P. Keller

| | |
|---|---|
| Of Counsel: | Bruce P. Keller (BBO# 264980) |
| David H. Bernstein | DEBEVOISE & PLIMPTON LLP |
| Katherine L. Kriegman | 919 Third Avenue |
| DEBEVOISE & PLIMPTON LLP | New York, New York 10022 |
| 919 Third Avenue | P: 212-909-6000 |
| New York, New York 10022 | F: 212-909-6836 |
| | E: bpkeller@debevoise.com |

*Attorneys for Defendants Kibar Holdings A.S. and Kibar Dis Ticaret A.S.*

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Bruce P. Keller
Bruce P. Keller