UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------------x
:
MEHMET KAHVECI, :
: Civil Action No. 12-cv-11748-DJC
            Plaintiff, :
:
v. :
: **MOTION AND**
KIBAR HOLDING A.S. and KIBAR DIS TICARET A.S. : **MEMORANDUM OF LAW**
: **TO EXTEND TIME TO**
            Defendants. : **RESPOND TO COMPLAINT**
:
:
-------------------------------------------------------------------------x

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW
TO EXTEND TIME TO RESPOND TO COMPLAINT**

For the reasons explained below in the incorporated memorandum of law, Defendant Kibar Holding A.S. ("Kibar") respectfully moves for an order extending the time for Kibar to appear, answer, move or otherwise respond to Plaintiff Mehmet Kahveci's ("Kahveci") Complaint in the above proceeding until 14 days after the Court rules on the pending motions regarding a 90-day enlargement of time to serve the Complaint.[1]

Kahveci filed a Complaint on September 19, 2012, seeking a declaration that his registration and use of the domain name <kibar.com> is not unlawful. He failed to serve Kibar within the 120 days required by Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] Defendant Kibar Dis Ticaret A.S. has not yet been served, and therefore does not seek an extension at this time.

On January 14, 2013, Kahveci filed a motion for a 90-Day Enlargement of Time to Serve the Complaint. Kibar opposed the relief requested in that motion on January 17, 2013, on the ground that Kahveci failed to make an adequate legal or factual showing of good cause justifying an extension of time and requested that the Complaint be dismissed for failure to serve within 120 days. With leave from the Court, the Parties filed a Reply and Sur-Reply on February 5, 2013. The Court has not yet ruled on these motions.

On March 12, 2013, nearly two months after service was due pursuant to Rule 4(m), Plaintiff served Kibar Holding A.S in Turkey. Unless the Court grants Kahveci's motion for more time, that service is untimely and ineffective. Accordingly, Kibar requested that Kahveci agree to extend the time to respond to the Complaint until after the Court ruled on the pending motions. Kahveci refused to consent, thus necessitating this additional motion practice.

Such extensions of time to answer are automatically provided when a motion to dismiss is pending under Rule 12. Fed. R. Civ. P. 12(a)(4). The same rationale should apply here. Forcing Kibar to prepare and file a response to the Complaint when the Complaint may not have been effectively served and may be dismissed would accomplish nothing other than wasting party resources. Conversely, extending the time for response until after the pending motions are resolved, as is normally the case under Rule 12, would not prejudice Kahveci. Even were Kibar to answer and counterclaim at this time, discovery in this case would still be held in abeyance until after the Court resolves the pending motion and then, assuming Kahveci's failure to satisfy Rule 4(m) is excused and the pending motion to dismiss is denied, schedules an initial pretrial conference. In short,

providing the requested extension would, at most, delay the proceedings by 2 weeks. That is not prejudicial under any circumstances, let alone one where Kahveci has failed to take any steps to serve the Complaint for nearly four months.

For all these reasons, Defendant Kibar Holding A.S. respectfully requests that the time to respond to the Complaint be extended 14 days from the date of the Court's ruling.

Dated:  April 1, 2013

Respectfully Submitted,

Of Counsel:

David H. Bernstein
Katherine L. Kriegman
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022

/s/ Bruce P. Keller
Bruce P. Keller (BBO# 264980)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
P: 212-909-6000
F: 212-909-6836
E: bpkeller@debevoise.com

*Attorneys for Defendants Kibar Holdings A.S. and Kibar Dis Ticaret A.S.*

**Local Rule 7.1(A)(2) Certification**

Defendants' co-counsel David H. Bernstein conferred with counsel for Plaintiff in a good faith attempt to resolve the issue presented in this motion.

/s/ Bruce P. Keller
Bruce P. Keller

**CERTIFICATE OF SERVICE**

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Bruce P. Keller
Bruce P. Keller